IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Wendell K. Crowley, | C/A No. 3:11-2730-MBS-PJG |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| United Healthcare Services, Inc., and Brenda Ford, *individually and in her official capacity*, | |
| Defendants. | |

    The plaintiff, Wendell K. Crowley ("Crowley"), filed this employment case against his former employer, United Healthcare Services, Inc., and former supervisor, Brenda Ford, asserting claims for violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq. ("Title VII") and the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, et seq., specifically 42 U.S.C. § 12112(a). This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on Defendant Brenda Ford's motion to dismiss. (ECF No. 13.) Crowley filed a response in opposition (ECF No. 15) and Ford filed a reply (ECF No. 16). Having reviewed the parties' submissions and the applicable law, the court finds that Ford's motion should be granted.

    The defendants correctly assert that Crowley's Title VII and ADA claims against Defendant Ford fail as a matter of law. It is well established under Fourth Circuit precedent that such claims cannot be asserted against Crowley's individual supervisor, Defendant Ford. See Lissau v. Southern Foods Serv., Inc., 159 F.3d 177, 180 (4th Cir. 1998) (holding that "supervisors are not liable in their individual capacities for Title VII violations"); Baird ex rel. Baird v. Rose, 192 F.3d 462 (4th Cir. 1999) (holding that individual supervisors are not subject

to liability under the ADA). Crowley's arguments against circuit precedent are unavailing, and she has presented no plausible claim against Defendant Ford. See, e.g., Lissau, 159 F.3d at 181 (rejecting the argument that the term "any agent" in Title VII's definition of "employer," 42 U.S.C. § 2000e(b), would support individual supervisor liability under Title VII or the ADEA). Accordingly, Defendant Ford's motion to dismiss should be granted.[1]

### RECOMMENDATION

Based on the foregoing, the court recommends that Defendant Ford's motion to dismiss (ECF No. 13) be granted.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

May 30, 2012
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

---

[1] Similarly, to the extent that Crowley's Complaint raises a separate cause of action under the South Carolina Human Affairs Laws, Defendant Ford should be dismissed. See Fry v. Am. Italian Pasta Co., 2006 WL 2864418, C/A No. 3:06-1274-MBS-BM (D.S.C. Oct. 4, 2006) ("There is also no individual liability under the South Carolina Human Affairs Law.") (citing Orr v. Clyburn, 290 S.E.2d 804 (S.C. 1982)).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).